UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CERRON DeJOHNETTE,<br><br>           Petitioner,<br><br>    v.<br><br>KELLY SANTORO, Warden,<br><br>           Respondent. | No. CV 17-3334-AG (PLA)<br><br>**ORDER TO SHOW CAUSE RE:**<br>**DISMISSAL OF HABEAS PETITION** |

**I.**

**BACKGROUND**

Cerron DeJohnette ("DeJohnette") initiated this action on May 3, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). DeJohnette, however, is a *state* prisoner presently incarcerated at the North Kern State Prison in Delano, California, pursuant to a 2016 conviction in the Van Nuys Superior Court. (Pet. at 2). Thus, it appears that to the extent DeJohnette intended to bring a habeas action in this Court, he used the wrong form, and instead should have filed a petition pursuant to 28 U.S.C. § 2254. The Court liberally construes the Petition as a habeas petition brought by a prisoner in state custody under § 2254.

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Claims directed to the conditions of a petitioner's confinement may *not* properly be asserted in a habeas petition, or as part of a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted in a civil rights action. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a [42 U.S.C.] § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

Here, the Petition raises two claims: (1) Sergeant O. Gonzales assaulted DeJohnette on November 21, 2016, at North Kern State Prison, DeJohnette's place of incarceration; and (2) Commanding Officer Perez retaliated against DeJohnette based on the incident involving Sergeant Gonzales. (Pet. at 3). These claims thus relate to an alleged assault against DeJohnette by a prison official, and some unspecified retaliation against him by the commanding officer as a result of that incident. These claims do not concern the fact or duration of DeJohnette's sentence. As such, the claims are appropriately raised in a civil rights action, not a habeas petition.

While the Court does have discretion to construe the instant Petition as a civil rights complaint pursuant to 42 U.S.C. § 1983 (see Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974)), under the circumstances here the Court will not exercise its discretion to convert the Petition into a civil rights complaint. First, there is no indication in the Petition that DeJohnette has exhausted his available administrative remedies. Additionally, prisoners filing civil rights actions, unlike prisoners filing habeas actions, are liable for the full amount of the $350 filing fee. See 28 U.S.C. § 1915(b)(1); Naddi v. Hill, 106 F.3d 275 (9th Cir. 1997) (in forma pauperis provisions of § 1915, as amended by the Prison Litigation Reform Act of 1995, do not apply to habeas actions). Here, DeJohnette has not paid the filing fee or submitted a completed Declaration in Support of

Request to Proceed Without Prepayment of Filing Fees, including an authorization to deduct the filing fee from his prison trust account, which is required in this district in order to file a complaint in a civil action without prepayment of fees. See 28 U.S.C. § 1915(a)(2). Accordingly, the Court chooses not to exercise its discretion to construe the Petition as a civil rights complaint.

Additionally, the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). DeJohnette's claims arise from an incident that occurred on November 21, 2016, during his incarceration at North Kern State Prison, which is located in Kern County, in the *Eastern* District of California. 28 U.S.C. § 84(b). DeJohnette alleges that the two individuals involved in the incident are employees of North Kern State Prison, and it is likely that both reside in the vicinity of that institution. There is no evidence that either resides in the Central District of California. It does not appear that the third venue criterion applies at all, or that any basis exists for venue here in the Central District. Thus, even if DeJohnette intended to bring this action as a civil rights action, venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) or (2). Pursuant to 28 U.S.C. § 1406(a), if venue does not properly lie in this District, then the Court either must dismiss the action, or if it be in the interest of justice, must transfer the action to the proper district. See Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Based on the foregoing, **no later than June 5, 2017**, DeJohnette is ordered to show cause why this action should not be dismissed for failure to state a claim for habeas relief. Alternatively, if DeJohnette wishes to pursue his civil rights claims, **no later than June 5, 2017**, he may voluntarily dismiss this action using the attached form titled "Notice of Voluntary Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)," and re-file his claims directly in the

United States District Court of the Eastern District of California as a civil rights action.[1] In that case, in addition to the Notice of Voluntary Dismissal to be filed in this Court, DeJohnette should also file a **separate** Civil Rights Complaint **in the United States District Court for the Eastern District of California using the Eastern District of California's Civil Rights Complaint form**. If warranted, DeJohnette must also submit the appropriate Eastern District of California forms for a prisoner in a civil action seeking to proceed in forma pauperis. Otherwise, he must pay the full amount of the filing fee (which is now $350 plus any applicable administrative fees).

**DeJohnette is advised that his failure to timely file a response to this Order to Show Cause, as set forth herein, will result in dismissal of his Petition for failure to state a claim, and/or for failure to prosecute and follow Court orders**.

The Court Clerk is directed to send DeJohnette a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)," and a copy of the Eastern District's "Prisoner Civil Rights Packet" along with this Order to Show Cause.

DATED: May 5, 2017

  /s/ Paul L. Abrams
  PAUL L. ABRAMS
  UNITED STATES MAGISTRATE JUDGE

---

[1] Because DeJohnette was confined in a prison in Kern County when his rights were allegedly violated, he should file his action in the Fresno Division of the Eastern District and address his filing to: Clerk of the U.S. District Court for the Eastern District of California, 2500 Tulare Street, Fresno, California 93721. (See attached Eastern District of California prisoner Civil Rights packet).